UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| GERALD T. LADD, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:10-cv-0188-SEB-TAB |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## Briefing Schedule

The plaintiff shall have **through June 7, 2010,** in which to submit a brief in support of his complaint and in which to file a separate motion for the remand of this action for consideration of new evidence, if such a remand is sought.

The Commissioner shall have thirty (30) days after the filing of the plaintiff's brief and/or separate motion for remand in which to respond, and the plaintiff shall have fifteen (15) days after the filing of such response in which to reply.

To assist the plaintiff in preparing his brief in support of his complaint, his attention is directed to the following.  Statutory provisions, along with their accompanying regulations (primarily 20 C.F.R. § 404.1520) have led to the establishment of a five-step test to determine whether a claimant is disabled:

(1) Is the claimant presently unable to perform any substantial gainful activity?

(2) Is the claimant's impairment "severe" or does the claimant's combination of impairments prevent substantial gainful activity?

(3) Does the impairment or combination of impairments meet or exceed one of a list of specific impairments?

(4) Is the claimant unable to perform his or her former occupation?

(5) Is the claimant unable to perform any other work within the economy in light of age, education and prior work experience?

A "yes" answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A "no" answer at any point, other than step 3, stops inquiry and leads to a determination that the claimant is not disabled. *Pope v. Shalala,* 998 F.2d 473, 477 (7th Cir. 1993); *Wolfe v. Shalala*, 997 F.2d 321, 323 (7th Cir. 1993); *see also* 20 C.F.R. § 404.1520.

The plaintiff's brief shall identify any specific step(s) of the five-step analysis at issue and shall specify the alleged error at each step. To the extent that the plaintiff contends that the evidence presented to the Administrative Law Judge does not support or contradicts the findings or conclusions reached, the brief should contain specific references to the administrative record relied upon to raise such contentions.

If the plaintiff fails to file his brief on or before June 7, 2010, the action may be dismissed for failure to prosecute.

**IT IS SO ORDERED.**

Date: 05/05/2010

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Gerald T. Ladd, II
1785 N. Wellesley Lane
Indianapolis, IN 46219